```
                     UNITED STATES DISTRICT COURT
                     EASTERN DISTRICT OF LOUISIANA

JONATHAN SOUTHALL                         CIVIL ACTION

VERSUS                                    NO: 13-2793

CITY OF THIBODAUX, ET AL.                 SECTION: "A" (5)
```

### ORDER AND REASONS

Before the Court is a **Motion for Partial Summary Judgment (Rec. Doc. 21)** filed by plaintiff Jonathan Southall. Defendants City of Thibodaux, Shawn Snow, Scott Silverii, and unknown City of Thibodaux police officers oppose the motion. The motion, scheduled for submission on April 23, 2014, is before the Court on the briefs without oral argument. For the reasons that follow, Plaintiff's motion is **DENIED**.

### I. BACKGROUND

On May 7, 2012, Jonathan Johnson, Plaintiff's son, was driving Plaintiff's vehicle in Thibodaux, Louisiana, when Thibodaux police officers attempted to initiate a traffic stop for a speed limit violation. Johnson refused to stop the vehicle and proceeded to lead the officers on a high-speed chase. Johnson eventually abandoned the vehicle and continued to flee on foot. The officers apprehended him shortly thereafter and placed him under arrest.

After placing Johnson under arrest, the officers called in a K9 unit to perform a sniff from the exterior of Plaintiff's vehicle. Plaintiff's attorney, who was present at the scene, contends that "he did not see the dog give any indication of anything."[1] However, Defendants contend that the K9 indicated a positive alert for narcotics near the passenger's side door. The officers performed a search of the interior of the vehicle, but nothing was recovered.

Plaintiff filed this civil rights lawsuit as a result of the officers' search of his vehicle. Plaintiff alleges that the officers conducted an unlawful search of his person and property, in violation of his Constitutional rights. In the instant motion, Plaintiff seeks partial summary judgment on Defendants' liability for violating his Fourth Amendment rights by searching his vehicle on the premises of a private residence without first obtaining a search warrant.

## II. DISCUSSION

Summary judgment is appropriate only if, "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any," when viewed in the light most favorable to the non-movant, "show that there is no genuine issue

---

[1] Rec. Doc. 1, at pg. 4.

2

as to any material fact."[2] A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party.[3] Once the moving party has initially shown "that there is an absence of evidence to support the non-moving party's cause,"[4] the non-movant must come forward with "specific facts" showing a genuine factual issue for trial.[5] Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial.[6]

Plaintiff's motion revolves around the fact that the officers conducted a search of his vehicle without first obtaining a warrant. However, the Supreme Court recognizes an "automobile exception" to the Fourth Amendment's general requirement that

---

[2] *TIG Ins. Co. v. Sedgwick James*, 276 F.3d 754, 759 (5th Cir. 2002) (*citing Anderson v. Liberty Lobby, Inc.*, 447 U.S. 242, 249-50 (1986)).

[3] *Id.* (*citing Anderson*, 477 U.S. at 255).

[4] *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

[5] *Id.* (*citing* Fed. R. Civ. P 56(e); *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986)).

[6] *Id.* (*citing SEC v. Recile*, 10 F.3d 1093, 1097 (1993)).

3

police secure a warrant before conducting a search.[7]  Under this exception, when "there [i]s probable cause to search a vehicle 'a search is not unreasonable if based on facts that would justify the issuance of a warrant, even though a warrant has not been actually obtained.'"[8]  The Supreme Court has gone further to state that "[i]f a car is readily mobile and probable cause exists to believe it contains contraband, the Fourth Amendment ... permits police to search the vehicle without more."[9]

In opposition to Plaintiff's motion, Defendants contend the officers had probable cause to conduct the search of Plaintiff's vehicle, making the search legal under the automobile exception. In support, Defendants submit the affidavit of Officer Noble Clement, who attests that after placing Johnson under arrest, Johnson confessed to having swallowed narcotics during the incident.  Defendants also submit the affidavit of Officer Christopher Bourg, who attests that the K9 unit called to Plaintiff's vehicle indicated a positive alert for the presence of

---

[7] *Maryland v. Dyson*, 527 U.S. 465, 466 (1999) (*citing California v. Carney*, 471 U.S. 386, 390-391 (1985); *Carroll v. United States*, 267 U.S. 132, 153 (1925)).

[8] *Id.* at 467 (*quoting United States v. Ross*, 456 U.S. 798, 809 (1982)).

[9] *Id.* (*quoting Pennsylvania v. Labron*, 518 U.S. 938, 940 (1996)).

narcotics before officers conducted the search. Defendants argue that under these circumstances, there was reason to believe the vehicle contained narcotics which provided them probable cause to conduct the warrantless search.

Whether or not Defendants had probable cause to search Plaintiff's vehicle presents a genuine issue for trial as to determining whether Defendants are liable for violating Plaintiff's Fourth Amendment rights. As such, Plaintiff is not entitled to summary judgment in this regard.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that Plaintiff's **Motion for Partial Summary Judgment (Rec. Doc. 21)** is **DENIED.**

April 28, 2014

JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE

5