# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JONATHAN SOUTHALL | CIVIL ACTION |
| VERSUS | NO: 13-2793 |
| CITY OF THIBODAUX, ET AL. | SECTION: "A" (5) |

## ORDER

Before the Court is a **Motion for Summary Judgment (Rec. Doc. 70)** filed by Defendants Scott Silverii, Shawn Snow, Thibodaux City, and Unidentified Parties. Plaintiff Jonathan Southall opposes the Motion. (Rec. Doc. 78). The Motion, set for submission on July 12, 2017, is before the Court on the briefs without oral argument.

I. **Background**

On May 7, 2012, Jonathan Johnson, Plaintiff's son, was driving Plaintiff's vehicle in Thibodaux, Louisiana, when Thibodaux police officers attempted to initiate a traffic stop for a speed limit violation. Johnson refused to stop the vehicle and proceeded to lead the officers on a high-speed chase. Johnson eventually abandoned the vehicle and continued to flee on foot. The officers apprehended him shortly thereafter and placed him under arrest. After placing Johnson under arrest, the officers called in a K9 unit to perform a sniff from the exterior of Plaintiff's vehicle. Although Plaintiff's attorney, who was present at the scene, contends that he did not see the dog give any indication, Defendants contend that the K9 indicated a positive alert for narcotics near the passenger's side door. The officers performed a search of the interior of the vehicle, but nothing was recovered.

Plaintiff filed this civil rights lawsuit as a result of the officers' search of his vehicle. Plaintiff alleges that the officers conducted an unlawful search of his person and property, in

violation of his Constitutional rights. In the instant motion, Defendants seek summary judgment in their favor on Plaintiff's claims against them for constitutional violations.

## II. Analysis

Defendants seek summary judgment in their favor arguing 1) Plaintiff had no reasonable expectation of privacy necessary to allege an unconstitutional search, 2) Plaintiff's alleged injury does not arise from a municipal custom or policy, 3) individual liability claims are barred by qualified immunity, 4) Plaintiff cannot state a valid claim for punitive damages, and 5) Plaintiff cannot state a valid claim for illegal search of his person.

Summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," when viewed in the light most favorable to the non-movant, "show that there is no genuine issue as to any material fact." *TIG Ins. Co. v. Sedgwick James*, 276 F.3d 754, 759 (5th Cir. 2002) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986)). A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Id.* (citing *Anderson*, 477 U.S. at 248). The court must draw all justifiable inferences in favor of the non-moving party. *Id.* (citing *Anderson*, 477 U.S. at 255).

Once the moving party has initially shown "that there is an absence of evidence to support the non-moving party's cause," the non-movant must come forward with "specific facts" showing a genuine factual issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986) (citing Fed.R.Civ.P. 56(e); *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986)). Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial. *Id.* (citing *SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1993)).

a. **Expectation of Privacy**

Defendants first argue that Plaintiff lacked an objectively reasonable expectation of privacy in his vehicle when officers conducted a search. In his response, Plaintiff asserts that the issue is whether Defendants' search of Plaintiff's vehicle fell under the automobile exception, which requires probable cause to search a vehicle without a warrant. Plaintiff maintains that Defendants did not have probable cause to search his vehicle under the circumstances.

The Fourth Amendment of the United States Constitution[1] protects individuals from unreasonable searches and seizures. *Soldal v. Cook County, III*, 506 U.S. 56, 63 (1992). However, "the extent to which the Fourth Amendment protects people may depend upon where those people are." *Minnesota v. Carter*, 525 .U. 83, 88 (1998). The Supreme Court of the United States has recognized "that the ready mobility of the automobile justifies a lesser degree of protection of" privacy interests. *California v. Carney*, 471 U.S. 386, 390 (1985). This "lesser expectation of privacy [which] has historically been applied to motor vehicles" has come to be known as the automobile exception to the requirement that officers obtain a search warrant. *United States v. Hernandez*, 647 F.3d 216, 220 (5th Cir. 2011).

The automobile exception provides that officers may conduct a warrantless search of an automobile if "(1) the officer conducting the search had probable cause to believe that the vehicle in question contain[ed] property that the government may properly seize; and (2) exigent circumstances justified the search." *United States v. Castelo*, 415 F.3d 407, 412 (5th Cir. 2005). This exception is justified by a reduced expectation of privacy while traveling on public roads and by the mobility of automobiles. *Id.* (citing *California v. Carney*, 471 U.S. 386, 392–93 (1985)).

---

[1] The Fourth Amendment guarantees that: "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S.C.A. Const. Amend. 4.

As for the requirement of exigent circumstances, for vehicles stopped on the highway "the fact of the automobile's potential mobility" supplies the requisite exigency. *United States v. Sinisterra*, 77 F.3d 101, 104 (5th Cir. 1996). The United States Court of Appeals for the Fifth Circuit has stated that exigent circumstances are supplied by "the fact of the automobile's mobility." *United States v. Sinisterra*, 77 F.3d 101, 104 (5th Cir. 1996). As for the requirement of probable cause, it is determined by evaluating the collective information given by the officers involved, and making a "practical, commonsense decision whether, given all the circumstances ... there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 238 (1983).

The Court finds that Defendants' search of Plaintiff's vehicle was constitutional under the automobile exception given the circumstances. Exigent circumstances were supplied by the automobile's mobility, so the question is whether Defendants had probable cause to search the vehicle, which the Court must determine given all of the circumstances. Jonathan Johnson abandoned the vehicle before he was apprehended when he left the car in a driveway and attempted to evade police officers on foot. Additionally, Jonathan Johnson admitted to swallowing narcotic pills, and the officers on the scene had knowledge of Jonathan Johnson's "prior history of narcotics." (Rec. Doc. 70-5). Finally, Defendants called in the K9 unit to inspect the vehicle from the exterior, and the K9 unit gave a positive indication of narcotics. Given these circumstances and Jonathan Johnson's behavior, Defendants had probable cause to believe that contraband or evidence of a crime would be found in Plaintiff's vehicle. Therefore, Defendants are entitled to summary judgment in their favor on Plaintiff's constitutional claims.

    **b. Municipal Custom or Policy**

Defendants assert that Plaintiff's claims for municipal liability against Defendant Scott Silverii, in his official capacity, and against the City of Thibodaux fail because Plaintiff's constitutional injury does not arise from a municipal custom or policy. Defendants also assert that Plaintiff's supervisory liability claims against Silverii fail because Plaintiff cannot prove deliberate indifference. A lawsuit against a government officer "in his official capacity" is no different from a suit against the government entity of which he is an agent. *Burge v. Parish of St. Tammany (Burge I)*, 187 F.3d 452, 468 (5th Cir. 1999). As such, the Court will treat Plaintiff's claim for municipal liability against Officer Silverii, in his official capacity, and against the City of Thibodaux as one.

### i. Municipal Liability

Municipalities and other bodies of local government are considered "persons" who may be sued directly under § 1983. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). However, "a municipality cannot be held vicariously liable for the constitutional torts of its employees or agents." *Gros v. City of Grand Prairie*, 181 F.3d 613, 615 (5th Cir. 1999). Therefore, "a municipality cannot be held liable under § 1983 on a respondeat superior theory." *Monell*, 436 U.S. at 691. Accordingly, municipal liability must be based on a municipal "policy" or "custom" that caused the plaintiff's injury. *Bd. of Cty. Comm'rs v. Brown*, 520 U.S. 397, 403 (1997). A claim for municipal liability under § 1983 requires proof of three elements: "(1) an official policy (or custom), of which (2) a policymaker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose 'moving force' is that policy or custom." *Id.* (quoting *Pineda v. City of Houston*, 291 F.3d 325, 328 (5th Cir. 2002)).

For purposes of § 1983 liability, an official policy is a "policy statement, ordinance, regulation or decision that is officially adopted and promulgated by the municipality's lawmaking

officers or by an official to whom the lawmakers have delegated policy-making authority." *Brown v. Bryan Cty.*, 219 F.3d 450, 457 (5th Cir. 2000). An official policy may alternatively be "[a] persistent, widespread practice of city officials or employees, which, although not authorized by an officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy." *Id. (*quoting *Bennett v. City of Slidell*, 735 F.2d 861, 862 (5th Cir. 1984)). To demonstrate a custom or policy for the first element of municipal liability, prior instances must establish "notice of a pattern of similar violations." *Barrios-Barrios v. Clipps*, 825 F. Supp.2d 730, 751 (E.D. La. 2011) (quoting *Davis v. City of North Richland Hills*, 406 F.3d 375, 383 (5th Cir. 2005)).

The Court finds that Plaintiff's claims for municipal liability against Scott Silverii, in his official capacity, and against the City of Thibodaux fail because Plaintiff has failed to demonstrate a municipal custom or policy by failing to show a pattern of similar violations. Plaintiff's Opposition states that Silverii's "acknowledging that the conduct of police officer defendant Shawn Snow was consistent with the policies and regulations of the police department – creates a sufficient inference of an unlawful policy that caused a constitutional injury for judicial review." (Rec. Doc. 78). However, Plaintiff has produced no evidence of a pattern of conduct to demonstrate a custom or policy. The United States Court of Appeals recently upheld a district court's dismissal of a plaintiff's municipal liability claim, reasoning that a "report, by itself, cannot establish a pattern of repeated conduct." *Jordan v. Brumfield*, 2017 WL 1487233, at *6 (5th Cir. 2017). Plaintiff's evidence is weaker because he does not even produce a report. Therefore, Defendants Scott Silverii, in his official capacity, and the City of Thibodaux are entitled to summary judgment in their favor on the issue of municipal liability.

   ii. **Supervisory Liability**

Defendants assert that Plaintiff's supervisory municipal liability claims against Silverii fail because Plaintiff's cannot prove deliberate indifference. Plaintiff maintains that Silverii's approval of the allegedly objectionable behavior evidences a deliberate indifference.

Supervisory liability under *Monell* requires plaintiffs to demonstrate that "1) the supervisor either failed to supervise or train the subordinate official, 2) a causal link exists between the failure to train or supervise and the violation of the plaintiff's rights, and 3) the failure to train or supervise amounts to deliberate indifference." *Porter v. Epps*, 659 F.3d 440, 446 (5th Cir. 2011). In order to establish deliberate indifference, plaintiffs "usually must demonstrate a pattern of violations and that the inadequacy of the training is obvious and likely to result in a constitutional violation." *Goodman v. Harris County*, 571 F.3d 388, 395 (5th Cir. 2009) (quoting *Cousin v. Small*, 325 F.3d 627, 637 (5th Cir. 2003)). Plaintiff produces no evidence of a pattern of violations, and therefore cannot prove deliberate indifference by Defendant Scott Silverii. Therefore, Scott Silverii, in his official capacity, is entitled to summary judgment in his favor on the issue of supervisory municipal liability.

   c. **Qualified Immunity**

Defendants assert that Plaintiff's § 1983 claims against Defendants Scott Silverii and Shawn Snow are barred by qualified immunity. Plaintiff argues that Defendants search of his vehicle was "outrageous conduct that any reasonable officer would have known was a violation of the Constitution." (Rec. Doc. 78).

"The doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Club Retro, LLC v. Hilton*, 568 F.3d 181, 194 (5th Cir. 2009) (quoting *Pearson v. Callahan*, 129 S.Ct. 808, 815 (2009). When a defendant

invokes a defense of qualified immunity, the burden shifts to the Plaintiff to prove that 1) the defendant committed a constitutional violation under current law, and 2) defendant's actions were objectively unreasonable in light of the law at the time. *Id.*

Having already found that Defendants' search of Plaintiff's vehicle was not a constitutional violation, the Court finds that Plaintiff has failed to carry his burden. Once Defendants Silverii and Snow invoked a defense of qualified immunity, the burden shifted to Plaintiff to prove 1) they committed a constitutional violation, and 2) their actions were objectively unreasonable. Plaintiff failed to prove that Defendants committed a constitutional violation. Therefore, Plaintiff's § 1983 claims against Defendants Scott Silverii and Shawn Snow, in their individual capacity, are barred by qualified immunity.

### d. Punitive Damages

Defendants assert that Plaintiff's claims against Scott Silverii and Shawn Snow, in their individual capacity, fail because there is no evidence to support that Silverii and Snow acted with reckless or callous indifference or were motivated by evil motive or intent. Plaintiff's Reply does not respond to Defendants' claim that they are entitled to summary judgment in their favor on the issue of punitive damages.

In order to have a claim for punitive damages under § 1983 against a government officer in his individual capacity, there must be facts which establish that the defendant's conduct was "motivated by evil motive or intent, or … involves reckless or callous indifference to the federally protected rights of others." *Smith v. Wade*, 461 U.S. 30, 54 (1983). This second standard – reckless or callous indifference to the federally protected rights of others – involves "a subjective consciousness of a risk of injury or illegality and a criminal indifference to civil obligations." *Williams v. Kaufman Co.*, 352 F.3d 994, 1015 (5th Cir. 2003). Having already found that Plaintiff

8

does not have viable constitutional, municipal/supervisory liability, or individual liability claims against Defendants, the Court finds that Plaintiff is not entitled to punitive damages from Defendants.

      e. **Search of Plaintiff's Person**

Defendants ask the Court to dismiss any claims for the unconstitutional search of Plaintiff's "person." Defendants argue that Plaintiff cannot sustain a claim for illegal search of his person because, according to Plaintiff's deposition, officers only searched his vehicle, not his person. Plaintiff's Reply does not respond to Defendants' assertion that they are entitled to summary judgment in their favor on the issue of an unconstitutional search of Plaintiff's "person." Given that the officers only searched Plaintiff's vehicle, not his person, Defendants are entitled to summary judgment in their favor on this issue.

Accordingly;

**IT IS ORDERED** that the **Motion for Summary Judgment (Rec. Doc. 70)** filed by Defendants is **GRANTED**.

New Orleans, Louisiana this 16th day of August, 2017.

                                                      JAY C. ZAINEY
                                 UNITED STATES DISTRICT JUDGE